```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF KENTUCKY
                     SOUTHERN DIVISION – LONDON
```

| | |
|---|---|
| DAVID HART, *by and through his Power of Attorney*, Dalona Dillon,<br><br>    Plaintiff,<br><br>v.<br><br>MIKE LAWSON, in his official and individual capacities, *et al.*,<br><br>    Defendants. | CIVIL ACTION NO. 6:20-147-JMH<br><br><br><br>**MEMORANDUM**<br>**OPINION and ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Defendant Ron Bowling's partial motion to dismiss. (DE 17). For the reasons stated below, the motion is **granted**, in part, and **denied**, in part.

**I. Background**

Dalona Dillon ("Dillon") is the daughter and power of attorney of Plaintiff David Hart ("Hart").[1] (DE 1, ¶ 4). At all relevant times, Defendant Ron Bowling ("Bowling") was the elected constable of Whitley County, Kentucky. Hart filed suit against Bowling and

---

[1] Hart suffers from dementia and hearing impairment. Because of this, Dillon serves as his emergency fiduciary and Hart resides in her custody. (DE 1, ¶¶ 4 & 11).

five others[2] on July 9, 2020, asserting violations under 42 U.S.C. § 1983, causes of action under state law, and seeking punitive damages (*Id.*, ¶¶ 29-53).

The Complaint alleges that, on July 24, 2019, Hart left Dillon's custody, got into his truck and drove to a doctor's office. (*Id.*, ¶ 11). Upon learning about Hart's absence, Dillon alerted the Kentucky State Police (KSP). Sometime after, KSP dispatch received a call from an employee at The Brown Cow – a restaurant in Corbin, Kentucky — regarding a customer that was unable to pay for his meal. (*Id.*, ¶¶ 12-14). Whitley County dispatch was also notified of the incident. This individual was Hart. Bowling proceeded to the restaurant and found Hart in his vehicle. Upon leaving the restaurant, Bowling followed and surveilled Hart "for several miles." (DE 18 at 1). During that time, Bowling was driving his personal vehicle and was out of uniform. (DE 1, ¶ 15).

As the two were approaching the intersection of McKeehan Crossing and S 25 W, in their respective vehicles, Bowling alerted

---

[2] The Complaint also names the following defendants as parties to this action: Whitley County Sheriff Todd Shelley, in his official capacity; Whitley County Deputy Sheriff Mike Lawson, in his official and individual capacities; jailer Brian Lawson, in his official and individual capacities; medical team administrator Rojetta Bowling; and Southern Health Partners, Inc., as the corporation contracted to provide medical care to the inmates housed at the Whitley County Detention Center. The Court solely discusses those facts pertinent to the instant motion.

one of his co-defendants, Deputy Brian Lawson ("Lawson"), that Hart was approaching. (*Id.*, ¶ 16). Lawson was working a non-injury motor vehicle accident at the intersection and directed traffic to stop. (*Id.*) When Lawson observed Hart's vehicle, he instructed Hart to put his car in park and to approach. (*Id.* at ¶ 17). However, Hart did not comply and began to drive away, causing Lawson to discharge his firearm and strike Hart's rear tire. (*Id.*, 18) Eventually, Hart came to a stop at a grassy area, near Muddy Boy Records Karaoke; but by this point, Lawson and Bowling had already started to pursue Hart. (*Id.*, ¶ 20) Seeing this, Hart again tried to flee; however, in haste, ended up striking Lawson's vehicle and losing control of his car. (*Id.* at ¶ 21). When Hart's vehicle finally came to a stop, Lawson and Bowling removed Hart from his vehicle, "pummel[ed]", "batter[ed]", and arrested him. (*Id.*, ¶ 23). Hart required treatment at the University of Kentucky Medical Center. (*Id.*)

Hart initiated this action against Bowling (and his co-defendants), under 42 U.S.C. § 1983 for use of excessive force, in his individual and official capacities. (*Id.*, ¶¶ 29-35). He also asserted claims against Bowling under state law for assault and battery, intentional infliction of emotional distress (IIED), and negligence and gross negligence. (*Id.*, ¶¶ 42-52). Bowling's partial motion to dismiss (DE 17) ensued.

**II.     Analysis**

*A. Standard of Review*

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. However, "a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555. Courts "must construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). Yet, at the same time, Courts need not accept "legal conclusion[s] couched as [] factual allegation[s]." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Hinging on Rule 8's minimal standards, *Twombly* and *Iqbal* require a plaintiff to "plead facts sufficient to show that her claim has substantive plausibility." *Johnson v. City of Shelby*, 574, U.S. 10, 12 (2014). Where plaintiffs state "simply, concisely, and directly events that . . . entitle[] them to damages," the rules require "no more to stave off threshold dismissal for want of an adequate statement." *Id.*; *El-Hallani v. Huntington Nat. Bank*,

623 F. App'x 730, 739 (6th Cir. 2015) ("Although *Twombly* and *Iqbal* have raised the bar for pleading, it is still low."). Still, however, a complaint is subject to dismissal under Rule 12(b)(6) if it fails to plead facts that plausibly state a claim for relief. *See Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012).

  *B. Discussion*

    1. Plaintiff's § 1983 Claim for Damages against Bowling in his Official Capacity is Barred.

Hart asserts a § 1983 claim against Bowling in his individual and official capacities based on his alleged use of excessive force in effectuating Hart's arrest in July 2019. However, because the Whitley County Constable is an officer of the state, *see* Ky. Const. § 99, Bowling argues that the Eleventh Amendment bars the claim as to him in his official capacity. (DE 17-1 at 3). Hart concedes that dismissal is proper. (DE 18 at 2). As such, the Court DISMISSES Hart's § 1983 claim against Bowling in his official capacity.

    2. Plaintiff's State Law Claims Against Bowling in his Official Capacity are Barred.

Hart also asserts state law claims against Bowling in his official capacity for assault and battery, IIED, common law negligence, and gross negligence. Bowling asserts that he is immune from all of these claims given his status as an officer acting on behalf of the state. (DE 17-1 at 5-6).

"[S]tate substantive law is controlling on pendent state claims raised in federal court." *Wynn v. Morgan*, 861 F. Supp. 622, 636-37 (E.D. Tenn. 1994) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)). Under Kentucky law, claims against government officials in their official capacities are "legally indistinguishable" from claims against the entity to which the government officials serve as an agent. *Cabinet for Health & Family Servs. v. Hicks*, No. 2009-CA-002186-MR, 2010 WL 3604161, at *3 (Ky. App. Sept. 17, 2010); *see also Commonwealth v. Harris*, 59 S.W.3d 896, 899 (Ky. 2001). In other words, "individuals sued in their official capacities stand in the shoes of the entity they represent." *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). This is because "a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself." *Graham*, 473 U.S. at 166.

Here, the suit against Bowling in his official capacity is nothing more than a suit against Whitley County or the Whitley County Sheriff's Office, and thus the Court deems it appropriate to dismiss all state "official capacity" claims against Bowling.

> 3. The Court elects to retain supplemental jurisdiction over Plaintiff's state law claims for assault and IIED.

As previously stated, Hart also asserts five state law claims against Bowling in his individual capacity: assault, battery,

Page **6** of **10**

IIED, common law negligence, and gross negligence. Bowling argues that, because these claims are grounded in the same factual allegations as Hart's excessive force claim, they cannot be maintained as it would be duplicitous to do so. (DE 17-1 at 4-5).

As an initial matter, Bowling is correct that a negligence claim under Kentucky law cannot coexist with a Fourth Amendment excessive-force claim based on the same conduct. *See Ali v. City of Louisville*, No. 3:05-cv-427, 2006 WL 2663018, at *8 (W.D. Ky. Sept. 15, 2006); *Woodcock v. City of Bowling Green*, 165 F. Supp. 3d 563, 605 (W.D. Ky. 2016), *rev'd on other grounds*, 679 F. App'x 419 (6th Cir. 2017). "When [the officer] deliberately exceeds the privileged amount of force by committing an unwarranted violence on the arrestee, he is liable for the tort of battery, not for negligence." *Turner v. Hill*, No. 5:12-cv-195, 2014 WL 549462, at *10 (W.D. Ky. Feb. 11, 2014). This is true because "each time an officer uses force, he commits an intentional act of battery for which he is liable, unless he is clothed by a privilege permitting him to use a reasonable amount of force." *Ali*, 2006 WL 2663018, at *8. Hart, too, concedes that dismissal of the negligence claims is proper since these causes of action are encompassed in the tort of battery. (DE 18 at 3). Accordingly, the Court need not go into further analysis and will dismiss both of Hart's negligence claims against Bowling in his individual capacity.

As to Bowling's request for dismissal of the assault and battery claims, the Court notes that in Kentucky they are "two distinct and independent legal claims." (*Ali*, 2006 WL 2663018, at *4 n.7). "Assault is a tort which merely requires the threat of unwanted touching of the victim, while battery requires an actual unwanted touching." *Banks v. Fritsch*, 39 S.W.3d 474, 480 (Ky. Ct. App. 2001). Battery under Kentucky law is any "unlawful touching of the person of another, either by the aggressor himself, or by any substance set in motion by him." *Vitale v. Henchey*, 24 S.W.3d 651, 657 (Ky. 2000). And it has been concluded that "[t]he use of excessive force by a police officer constitutes the intentional tort of battery." *Ali*, 2006 WL 2663018, at *8. Finally, an IIED claim has four elements under Kentucky law:

> (1) the wrongdoer's conduct must be intentional or reckless; (2) the conduct must be outrageous and intolerable in that it offends against generally accepted standards of decency and morality; (3) there must be a causal connection between the wrongdoer's conduct and the emotional distress; and (4) the emotional distress must be severe.

G*ilbert v. Barkes*, 987 S.W.2d 772 (Ky. 1999) (citing *Kroger Co. v. Willgruber, Ky.*, 920 S.W.2d 61, 67 (Ky. 1996); *Craft v. Rice*, 671 S.W.2d 247, 249 (Ky. 1984)).

Bowling's argument for dismissal of the remaining claims, seems to be premised on the fact that the battery, assault, and IIED facts mirror the same facts as the remaining excessive force claim against Bowling in his individual capacity. (DE 17-1 at 4-

Page **8** of **10**

5). However, the Court finds this argument only has merit as it relates to the battery claim, but not as it related to the assault and IIED claims. *See Lyons v. Franklin Co., Ky.*, 3:19-cv-64-GFVT-EBA, 2020 WL 1249891, at * 4 (E.D. Ky. March 16, 2020) ("[A] plaintiff's battery claim cannot succeed if it truly mirrors an excessive force claim already being alleged."). Here, because Hart's § 1983 excessive force claim against Bowling in his individual capacity still stands, and the facts which are used to support the cause of action substantially mirrors that of battery, the Court will dismiss that claim. As to assault, however, as previously stated, the two are "distinct and independent legal claims." *Ali*, 2006 WL 2663018 at *3 n. 7. As a result, an action for battery can lie *without* assault (if, for example, there was no threat perceived by the victim) and an action for assault can lie *without* battery (if, for example, there was a threat of physical contact which ultimately did not occur). *Dahl v. Kilgore*, No. 3:18-CV-501-CRS, 2018 WL 6574785, at * 5 (W.D. Ky. Dec. 13, 2018) (emphasis added). The Complaint repeatedly makes allegations regarding Hart's perceived threat against Bowling and the others present. Accordingly, the Court will not dismiss the assault claim.

Finally, also as noted above, the tort of IIED requires elements completely distinct than that of assault and battery. And Bowling does not put forth any argument as to why dismissal of the

IIED claim is appropriate. The Court cannot find any. Accordingly, the Court will not dismiss the IIED claim.

### III. Conclusion

For the reasons stated above, IT IS ORDERED as follows:

1. Defendant Ron Bowling's partial motion to dismiss (DE 17) is GRANTED in part and DENIED in part.

2. Plaintiff's § 1983 excessive force claim against Bowling in his official capacity is DISMISSED. Additionally, Plaintiff's state law claims against Bowling in his official capacity are DISMISSED. Plaintiff's state law negligence, gross negligence, and battery claims against his individual capacity are DISMISSED.

3. The Court RETAINS supplemental jurisdiction over Plaintiff's state law assault and IIED claims. Further, the § 1983 excessive force claim against Bowling in his individual capacity REMAINS.

4. Further, the Court DIRECTS the parties to file a status report pursuant to Rule 26(f) within **14 days** from the entry of this Order.

This the 19th day of August, 2021.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge